UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELDRIDGE C.W., SR.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 23-cv-13207
Hon. Matthew F. Leitman

_____/

**ORDER (1) SUSTAINING PLAINTIFF'S OBJECTION (ECF No. 16) TO REPORT AND RECOMMENDATION (ECF No. 15); (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11); (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13), AND (4) REMANDING THIS ACTION FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

In this action, Plaintiff Eldridge C.W., Sr. challenges the denial of his application for Supplemental Security Income benefits under the Social Security Act. (*See* Compl., ECF No. 1.) Both Plaintiff and Defendant Commissioner of Social Security filed motions for summary judgment. (*See* Pla. Mot., ECF No. 11; Comm'r Mot., ECF No. 13.) The assigned Magistrate Judge then issued a Report and Recommendation in which he recommended that the Court deny Plaintiff's motion and grant the Commissioner's motion (the "R&R"). (*See* R&R, ECF No. 15.)

Plaintiff has now filed a timely objection to the R&R. (*See* Objection, ECF No. 16.) Plaintiff says that the ALJ did not apply "proper legal standards" when the

1

ALJ discounted a Medical Source Statement prepared by his (Plaintiff's) treating neurologist, Dr. Jayaprakash Gosalakkal. (*Id.*, PageID.749.)  For the reasons explained below, the Court concludes that the ALJ did not offer a sufficiently clear explanation of her reasons for rejecting Dr. Gosalakkal's opinions.  And without the necessary clarity, the Court cannot conduct the careful review required here.  The Court therefore **SUSTAINS** Plaintiff's objection, **GRANTS** Plaintiff's motion, **DENIES** the Commissioner's motion, and **REMANDS** this action for further administrative proceedings.

# I

## A

On March 19, 2021, Plaintiff applied for Supplemental Security Income benefits under the Social Security Act. (*See* ECF No. 7-1, PageID.38.) In his application, Plaintiff claimed that the following impairments, among others, limited his ability to work: lumbar building discs, pain in both legs, hypertension, headaches, memory loss, arthritis in his hands, depression, and anxiety. (*See id*, PageID.238.) The Social Security Administration denied the application in 2021 and denied Plaintiff's request for reconsideration in March 2022. (*See id.*, PageID.38.)

## B

After the Social Security Administration denied reconsideration, Plaintiff requested a hearing on his application before an Administrative Law Judge (the

"ALJ"). (*See id.*) That hearing was held on December 21, 2022. (*See* 12/21/2022 Hr'g Tr., *id.*, PageID.54-73.) Both Plaintiff and a vocational expert testified at the hearing. (*See id.*)

## C

The ALJ issued a written decision denying Plaintiff's application for benefits on January 11, 2023. (*See id.*, PageID.38-48.) The ALJ first concluded that Plaintiff had "not engaged in substantial gainful activity since March 19, 2021." (*Id.*, PageID.40-41.) The ALJ then found that Plaintiff suffered from the following "severe" impairments: "lumbar degenerative disc disease with moderate stenosis, lumbar spine tiny disc protrusions at L4/5 and L1/2, and chronic pain disorder." (*Id.*)

The ALJ next determined that despite these severe impairments, Plaintiff had the residual functional capacity ("RFC") to perform "light work" with the following restrictions:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can occasionally stoop, crouch, kneel, and climb ramps or stairs; but should avoid crawling and climbing ladders, ropes, or scaffolds. The claimant can have occasional exposure to humidity and environmental irritants; but should avoid exposure to extreme cold, extreme heat, hazardous machinery, and unprotected heights. Due to the claimant's pain and side effects of medication, he can perform simple work that requires little or no judgement with no more than occasional changes in a routine work setting. The claimant can understand, remember, and carry out simple

3

> instructions, use judgment to make simple work-related decisions; but work should be with no production rate pace or hourly quotas.

(*Id.*, PageID.42.)

In determining this RFC, the ALJ reviewed Plaintiff's medical records and submissions from his doctors. Relevant to Plaintiff's objection here, the ALJ reviewed treatment records and a Medical Source Statement from Dr. Gosalakkal, Plaintiff's treating neurologist. In the four-page Medical Source Statement, Dr. Gosalakkal answered fifteen questions, some of which contained several sub-parts, and he offered numerous observations about Plaintiff's condition. (*See id.*, PageID.499-502.) For example, Dr. Gosalakkal said that Plaintiff could occasionally lift items of up to 10 pounds and occasionally twist, stoop, crouch, climb ladders, and climb stairs. (*See id.*, PageID.501-502.) He further noted that Plaintiff could continuously look down and turn his head right or left. (*See id.*, PageID.501.) In addition, he said that Plaintiff required the use of a cane or assistive device for standing and/or walking. (*See id.*) He also said that due to Plaintiff's "chronic pain" and "multi-level degenerative disc disease," Plaintiff would likely be "off task" at least 20-percent of the time during the workday and would be absent from work "[a]bout two days per month." (*Id.*, PageID.500, 502.) Finally, Dr. Gosalakkal asserted that because of Plaintiff's "pain" level, Plaintiff was "incapable of performing even 'low stress' jobs." (*Id.*, PageID.500.)

4

The ALJ ultimately rejected the opinions offered by Dr. Gosalakkal in his Medical Source Statement:

> As for opinion evidence, the claimant's neurologist completed a Medical Source Statement in May 2021 opining that due to the claimant's chronic pain syndrome and multilevel degenerative disc disease, he would likely be off task 20% of a workday due to his symptoms causing interference with attention and concentration. Additionally, the doctor stated that the claimant was incapable of even "low stress" jobs due to pain. He indicated the claimant could sit, stand, and/or walk less than two hours in an eight-hour workday, would require periods of walking around every hour for five minutes, would require shifting positions at will, and unscheduled breaks once or twice a day. Further, the neurologist noted the claimant requires a cane or assistive device for occasional standing and/or walking. He could lift and carry ten pounds occasionally, as well as twist, stoop, crouch, and climb ladders or stairs. The doctor also stated the claimant would likely be absent about two days during a month (Exhibits 5F/2, 6F, and 10F/38). While the determination of disability is reserved to the Commissioner, the undersigned reviewed and considered the neurologist's opinion and finds it neither valuable nor persuasive in accordance with 20 CFR 416.921b(c). The doctor's opinion is not supported by his medical record as discussed more fully above. Further, there is no indication that the claimant ever presented using a cane or that the physician prescribed the use of a cane or assistive device.

(*Id.*, PageID.45.)

Finally, the ALJ found that "there [were] jobs that exist[ed] in significant numbers in the national economy that [Plaintiff could] perform." (*Id.*, PageID.46-

47.) The ALJ therefore held that Plaintiff was not disabled and not entitled to benefits. (*See id.*)

Plaintiff appealed the ALJ's decision to the Appeals Council, but that body denied review. (*See id.*, PageID.22.)

## II

On December 15, 2023, Plaintiff, through counsel, filed this action seeking judicial review of the administrative decision denying his application for benefits. (*See* Compl., ECF No. 1.)  Plaintiff and the Commissioner thereafter filed cross-motions for summary judgment. (*See* Pla. Mot., ECF No. 11; Comm'r Mot., ECF No. 13.)  In his motion for summary judgment, Plaintiff argued, among other things, that the ALJ did not sufficiently explain why she rejected the opinions offered by Dr. Gosalakkal in his Medical Source Statement.

The assigned Magistrate Judge issued the R&R on the parties' cross-motions on January 17, 2025. (*See* R&R, ECF No. 15.)  The Magistrate Judge disagreed with Plaintiff's arguments regarding the ALJ's treatment of Dr. Gosalakkal's Medical Source Statement, and he recommended granting the Commissioner's motion and denying Plaintiff's motion. (*See id.*)

Plaintiff filed a timely objection to the R&R on January 31, 2025. (*See* Objections, ECF No. 15.)  The Court will describe and address the objection in detail below.

III

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

IV

Plaintiff's argument here is a narrow one. He says that the portion of the ALJ's decision rejecting Dr. Gosalakkal's Medical Source Statement "did not confirm to the proper legal standards." (Obj., ECF No. 16, PageID.749.) More specifically, he says that to the extent that the ALJ rejected Dr. Gosalakkal's Medical Source Statement on the basis that Dr. Gosalakkal opined on "the ultimate issue of disability," that was error because "Dr. Gosalakkal did not reach that conclusion" and, instead, "provided [only] an opinion as to [Plaintiffs'] limitations." (*Id.*, PageID.747.) He asks the Court to "remand this matter" for "further agency proceedings." (*Id.*, PageID.750.) For the reasons explained below, the Court cannot yet determine whether there is merit to Plaintiff's criticism of the ALJ's decision because there is ambiguity in the decision. On that basis, the Court agrees with Plaintiff's suggestion that a remand for further proceedings is appropriate. *See Kellie B. v. Comm'r of Soc. Sec.*, 2023 WL 5154494, at *11 (E.D. Mich. Aug. 10, 2023)

7

(remanding action to Commissioner to "properly evaluate [the applicant's] treating source opinion" where ALJ's failure to sufficiently discuss factors relevant to rejection of that opinion "foreclosed" an "effective and meaningful review of the ALJ's decision").

The ALJ provided two reasons for rejecting Dr. Gosalakkal's Medical Source Statement, but neither is presented with sufficient clarity to permit meaningful review by the Court. The ALJ first said that "[w]hile the determination of disability is reserved to the Commissioner, the undersigned reviewed and considered [Dr. Gosalakkal's] opinion and finds it neither valuable nor persuasive." (ECF No. 7-1, PageID.45.) But Dr. Gosalakkal did not expressly opine as to whether Plaintiff suffered from a "disability," and the ALJ did not specifically identify any particular portion of Dr. Gosalakkal's Medical Source Statement that, in her opinion, addressed a matter that is otherwise "reserved to the Commissioner." Moreover, it is not yet clear to the Court that any portion of Dr. Gosalakkal's Medical Source Statement intruded into an area that is exclusively assigned to the Commissioner. There has been some suggestion that, perhaps, Dr. Gosalakkal intruded into the Commissioner's domain when he offered his opinions as to how often Plaintiff may be (1) off-task during the day due his physical issues or (2) absent from work due to those issues, but at least some courts have held that such opinions should not be discounted by an ALJ on the basis that they address matters within the

8

Commissioner's sole purview. *See*, *e.g.*, *Vaughn v. Comm'r of Soc. Sec.*, 2022 WL 1089256, at *11 (N.D. Ohio Apr. 11, 2022) (holding that opinions "from a treating medical provider" with respect "to the percentage of time that [applicant] would be 'off-task] […] or absent [….] are not *per se* statements that [an applicant] was 'disabled' or unable to work" and therefore could not be rejected by an ALJ as "tantamount to a disability opinion" that is reserved to the Commissioner). The important point here, however, is that without any specification from the ALJ as to which portions of Dr. Gosalakkal's Medical Source Statement she rejected on the ground that they intruded into the Commissioner's domain, the Court cannot meaningfully review the correctness of the rejection. On remand, the ALJ should specifically identify the portions, if any, of Dr. Gosalakkal's Medical Source Statement that, in her view, impermissibly address matters reserved to the Commissioner.

The ALJ next explained that Dr. Gosalakkal's "opinion" was "not supported by his medical record as discussed more fully above." (ECF No. 7-1, ECF No. 45.) But this reasoning is likewise not sufficiently developed. Dr. Gosalakkal did not offer a single "opinion," writ large. Instead, he filled out a Medical Source Statement on which he answered fifteen different questions, some with several subparts. (*See id.*, PageID.499-502.) And the ALJ identified only a single statement by Dr. Gosalakkal as "unsupported": his suggestion that that Plaintiff required the use of a

9

cane or assistive walking device. (*See id.*, PageID.45.)  It is not clear to the Court which other portions of Dr. Gosalakkal's Medical Source Statement, if any, the ALJ deemed unsupported by Plaintiff's medical records.

The Court acknowledges that the ALJ did conduct a detailed review of Plaintiff's treatment records with Dr. Gosalakkal, and that review was helpful to the Court.  However, the ALJ did not sufficiently connect that review to any deficiency in the Medical Source Statement.  And while it is true that "[a]n ALJ need not discuss every piece of evidence in the record for the ALJ's decision to stand," *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004), the failure here to draw any particular connections between Plaintiff's medical records and corresponding shortcomings in Dr. Gosalakkal's Medical Source Statement prevents this Court from conducting a meaningful review of the ALJ's decision. *See, e.g.*, *Reagan v. Colvin*, 47 F.Supp.3d 648, 653, 655 (E.D. Tenn. 2014) (explaining that "ALJ need not discuss every aspect of the record or explain every finding at length but must articulate with specificity reasons for the findings and conclusions that he or she makes to facilitate meaningful judicial review" and remanding for further proceedings where the ALJ's failure to "provide good reasons for rejecting the opinion of Plaintiff's treating physician" did not "permit meaningful judicial review") (internal citation omitted).

Finally, to the Magistrate Judge's credit, he did conduct a careful analysis of Dr. Gosalakkal's treatment records, and he did attempt to show how those records may be inconsistent with Dr. Gosalakkal's Medical Source Statement. The Magistrate Judge's analysis and conclusions in this regard may well be correct. But the analysis should have been done in the first instance by the ALJ, so that it could then be reviewed (not conducted in the first instance) by the Magistrate Judge and this Court. Simply put, without a clearer indication from the ALJ as to which contentions by Dr. Gosalakkal that she found "unsupported," the Court cannot meaningfully review her conclusions. On remand, the ALJ should identify in some fashion those portions of Dr. Gosalakkal's Medical Source Statement that she regards as "unsupported."[1]

For all of these reasons, the Court will remand this matter for further administrative proceedings consistent with this Order. On remand, the ALJ is, of course, free to reject or discount some, or all, of Dr. Gosalakkal's Medical Source Statement so long as she provides a sufficient explanation for doing so.

---

[1] Nothing in this Order requires the ALJ to review and address every single entry/answer on Dr. Gosalakkal's Medical Source Statement. On remand, the ALJ may group his entries/answers into categories or otherwise refer to them in logical groupings. And she need not address the entries on the Medical Source Statement that are not germane to her ultimate decision.

## VI

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Plaintiff's objection (ECF No. 16) to the R&R is **SUSTAINED**;

- Plaintiff's motion for summary judgment (ECF No. 11) is **GRANTED**;

- The Commissioner's motion for summary judgment (ECF No. 13) is **DENIED**; and

- This matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this Order.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 3, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 3, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126