UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELDRIDGE C.W., SR.,

    Plaintiff,

v.

                                    Case No. 23-cv-13207
                                    Hon. Matthew F. Leitman

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (ECF No. 20)

In this action, Plaintiff Eldridge C.W., Sr. challenged the Social Security Administration's denial of his application for disability benefits. On March 3, 2025, the Court entered an Order granting Plaintiff's motion for summary judgment, denying the Commissioner's motion for summary judgment, and remanding the case to the Commissioner for further administrative proceedings (the "Remand Order"). (*See* Remand Order, ECF No. 18.)

Plaintiff has now petitioned the Court for an award of attorney fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. (*See* Mot., ECF No. 20.) For the reasons explained below, the Court concludes that Plaintiff is not entitled to an award of attorney fees because the Commissioner's position in these proceedings was "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

1

# I

## A

On March 19, 2021, Plaintiff applied for Supplemental Security Income benefits under the Social Security Act. (*See* Cert. Admin. Record, ECF No. 7-1, PageID.38.) In his application, Plaintiff claimed that the following impairments, among others, limited his ability to work: lumbar bulging discs, pain in both legs, hypertension, headaches, memory loss, arthritis in his hands, depression, and anxiety. (*See id*, PageID.231.) The Social Security Administration denied the application in 2021 and denied Plaintiff's request for reconsideration in March 2022. (*See id.*, PageID.38.)

## B

After the Social Security Administration denied reconsideration, Plaintiff requested a hearing on his application before an Administrative Law Judge ("ALJ"). (*See id.*) That hearing was held on December 21, 2022. (*See* 12/21/2022 Hr'g Tr., *id.*, PageID.54-73.) The ALJ issued a written decision denying Plaintiff's application for benefits on January 11, 2023. (*See id.*, PageID.38-48.) The ALJ found that Plaintiff suffered from a number of "severe impairments": "lumbar degenerative disc disease with moderate stenosis, lumbar spine tiny disc protrusions at L4/5 and L1/2, and chronic pain disorder." (*Id.*, PageID.40-41.) But the ALJ

concluded that despite these severe impairments, Plaintiff had the residual functional capacity ("RFC") to perform "light work" with several restrictions. (*Id.*, PageID.42.)

In determining this RFC, the ALJ reviewed Plaintiff's medical records and submissions from his doctors. Relevant here, the ALJ reviewed treatment records and a Medical Source Statement from Dr. Gosalakkal, Plaintiff's treating neurologist. In the four-page Medical Source Statement, Dr. Gosalakkal answered fifteen questions, some of which contained several sub-parts, and he offered numerous observations about Plaintiff's condition. (*See id.*, PageID.499-503.) For example, Dr. Gosalakkal said that Plaintiff could occasionally lift items of up to 10 pounds, could occasionally twist, stoop, crouch, climb ladders, and climb stairs, and could continuously look down and turn his head right or left. (*See id.*, PageID.501-502.) In addition, he said that Plaintiff required the use of a cane or assistive device for standing and/or walking. (*See id.*, PageID.501.) He also said that due to Plaintiff's "chronic pain" and "multi-level degenerative disc disease," Plaintiff would likely be "off task" at least 20 percent of the time during the workday and would be absent from work "[a]bout two days per month." (*Id.*, PageID.500, 502.) Finally, Dr. Gosalakkal asserted that because of Plaintiff's "pain" level, Plaintiff was "incapable of [performing] even 'low stress' jobs." (*Id.*, PageID.500.)

The ALJ ultimately rejected the opinions offered by Dr. Gosalakkal in his Medical Source Statement, providing the following explanation:

> As for opinion evidence, the claimant's neurologist completed a Medical Source Statement in May 2021 opining that due to the claimant's chronic pain syndrome and multilevel degenerative disc disease, he would likely be off task 20% of a workday due to his symptoms causing interference with attention and concentration. Additionally, the doctor stated that the claimant was incapable of even "low stress" jobs due to pain. He indicated the claimant could sit, stand, and/or walk less than two hours in an eight-hour workday, would require periods of walking around every hour for five minutes, would require shifting positions at will, and unscheduled breaks once or twice a day. Further, the neurologist noted the claimant requires a cane or assistive device for occasional standing and/or walking. He could lift and carry ten pounds occasionally, as well as twist, stoop, crouch, and climb ladders or stairs. The doctor also stated the claimant would likely be absent about two days during a month (Exhibits 5F/2, 6F, and 10F/38). While the determination of disability is reserved to the Commissioner, the undersigned reviewed and considered the neurologist's opinion and finds it neither valuable nor persuasive in accordance with 20 CFR 416.921b(c). The doctor's opinion is not supported by his medical record as discussed more fully above. Further, there is no indication that the claimant ever presented using a cane or that the physician prescribed the use of a cane or assistive device.

(*Id.*, PageID.45.)

The ALJ held that Plaintiff was not disabled and not entitled to benefits. (*See id.*, PageID.46-47.) Plaintiff appealed the ALJ's decision to the Appeals Council, but that body denied review. (*See id.*, PageID.22.)

C

On December 15, 2023, Plaintiff filed this action seeking judicial review of the administrative decision denying his application for benefits. (*See* Compl., ECF No. 1.) Plaintiff and the Commissioner then filed cross-motions for summary judgment. (*See* Pla. Mot., ECF No. 11; Comm'r Mot., ECF No. 13.) In his motion for summary judgment, Plaintiff argued, among other things, that the ALJ did not sufficiently explain why she rejected the opinions offered by Dr. Gosalakkal in his Medical Source Statement.

The assigned Magistrate Judge issued a Report & Recommendation (the "R&R") on the parties' cross-motions on January 17, 2025. (*See* R&R, ECF No. 15.) The Magistrate Judge disagreed with Plaintiff's arguments regarding the ALJ's treatment of Dr. Gosalakkal's Medical Source Statement, and he recommended granting the Commissioner's motion and denying Plaintiff's motion. (*See id.*)

D

Plaintiff filed a timely objection to the R&R on January 31, 2025. (*See* Obj., ECF No. 16.)  He argued that the portion of the ALJ's decision rejecting Dr. Gosalakkal's Medical Source Statement "did not conform to the proper legal standards." (*Id.*, PageID.749.)  Specifically, he argued that to the extent that the ALJ rejected Dr. Gosalakkal's Medical Source Statement on the basis that Dr. Gosalakkal opined on "the ultimate issue of disability," that was error because "Dr. Gosalakkal

5

did not reach that conclusion" and, instead, "provided [only] an opinion as to [Plaintiff's] limitations." (*Id.*, PageID.747.) He asked the Court to "remand this matter" for "further agency proceedings." (*Id.*, PageID.750.)

On March 3, 2025, the Court issued an Order in which it sustained Plaintiff's objection, granted Plaintiff's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded the case to the Commissioner for further proceedings. (*See* Remand Order, ECF No. 18.)

In that Order, the Court concluded that it "cannot yet determine whether there is merit to Plaintiff's criticism of the ALJ's decision because there is ambiguity in the decision." (*Id.*, PageID.761.) And "[o]n that basis, the Court agree[d] with Plaintiff's suggestion that a remand for further proceedings [was] appropriate." (*Id.* (citing *Kellie B. v. Comm'r of Soc. Sec.*, 2023 WL 5154494, at *11 (E.D. Mich. Aug. 10, 2023).) Specifically, the Court identified the two bases on which the ALJ rejected Dr. Gosalakkal's opinions and concluded that "neither is presented with sufficient clarity to permit meaningful review by the Court." (*Id.*, PageID.762.) Accordingly, the Court remanded the case and ordered that on remand, the ALJ should (1) "specifically identify the portions, if any, of Dr. Gosalakkal's Medical Source Statement that, in her view, impermissibly address matters reserved to the Commissioner" and (2) "identify in some fashion those portions of Dr. Gosalakkal's Medical Source Statement that she regards as 'unsupported.'" (*Id.*, PageID.763,

6

765). In addition, the Court noted that "[o]n remand, the ALJ, is, of course, free to reject or discount some, or all, of Dr. Gosalakkal's Medical Source Statement so long as she provides a sufficient explanation for doing so." (*Id.*)

E

After the Court ruled on Plaintiff's objection, he petitioned the Court for attorney fees under the EAJA. (*See* Mot., ECF No. 20.) The Commissioner opposed Plaintiff's request for a fee award. (*See* Def. Resp., ECF No. 21.) The Commissioner argued that the Court should decline to award fees under EAJA Section 2412(d)(1)(A) because the government's position in the litigation was "substantially justified." (*See id.*) In Plaintiff's reply, he countered that the Commissioner's position was not substantially justified because "the ALJ's primary failure was a legal error, in failing to properly evaluate the opinion of a treating medical source." (Reply, ECF No. 22., PageID.797.) He also requested that the Court include in any fee award fees for the time his attorney spent responding to the Commissioner's opposition to his fee petition. (*See id.*, PageID.798.) In total, he requests $9,357.12 in attorney fees. (*See id.*, PageID.799.)

The Court has reviewed the briefings and is ready to decide the issue.[1]

---

[1] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

II

A

"The purpose of the EAJA is to remove financial obstacles to challenging unreasonable government action." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016). "Under the EAJA, 'a court shall award to a prevailing party' in a civil action against the United States 'fees and other expenses . . . unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting 28 U.S.C. § 2412(d)(1)(A) and *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014)).

Here, the Commissioner does not dispute that Plaintiff is the prevailing party. (*See generally* Def. Resp., ECF No. 21.) The Commissioner also does not claim that there are special circumstances that warrant denying Plaintiff attorney fees. (*See id.*) Thus, Plaintiff is entitled to attorney fees unless the Government's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

B

"The Government bears the burden of proving that a given position was substantially justified." *DeLong*, 748 F.3d at 725. To meet this burden, the Commissioner must demonstrate that his position was "justified to a degree that could satisfy a reasonable person" and that his position had "a reasonable basis both

8

in law and fact." *Glenn*, 763 F.3d at 498 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted).

In reviewing whether the Commissioner's position "was substantially justified," the Court considers both "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The Court then makes a single determination of whether the Government's position "as a whole" was substantially justified. *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (*quoting E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 615 (6th Cir. 2013)).

Critically, the "Commissioner's position may be substantially justified even if a district court rejects it." *DeLong*, 748 F.3d at 725. The Sixth Circuit has explained:

> The government's position in defending the ALJ's analysis might be substantially justified despite remand, for example, where remand was based solely on the ALJ's "failure to *explain* his findings adequately" and not on "the weight he found appropriate for various medical opinions." *DeLong*, 748 F.3d at 727. Or the government's position in defending the reduced weight given to a treating physician's opinion could be substantially justified where, although the case was remanded, the reduced-weight could be justified by significant evidence in the record such as a short treating relationship and evidence that the claimant was enrolled in college full-time. *See Damron v. Comm'r of Soc. Sec.*, 204 F.3d 853, 855–56 (6th Cir.1998). On the other hand, where the government defends an ALJ decision that was reached by selectively considering the evidence, its position is not

9

> substantially justified. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir.2004).

*Glenn*, 763 F.3d at 498 (emphasis in original).

## C

The Court finds that the Commissioner's position as a whole was substantially justified because the Commissioner's position in this Court was reasonable and because the Court's remand was based on the ALJ's failure to explain her findings adequately rather than the unreasonableness of the findings.

The Sixth Circuit's decision in *DeLong* is instructive in this regard. The court in *DeLong* affirmed a denial of fees under the EAJA where the district court "vacated the ALJ's decision and remanded [the] case based on [a] procedural error rather than on substantive grounds." *DeLong*, 748 F.3d at 727. Specifically, the district court had concluded "that the ALJ failed to provide 'good reasons' for the weight that he gave the opinions of DeLong's treating physicians." *Id.* at 726. This was "the (sole) reason that the District Court vacated the Commissioner's decision and remanded DeLong's case for further proceedings in the first place." *Id.* In remanding, the district court also expressly noted that "[t]he record did *not* strongly establish [DeLong's] entitlement to benefits." *Id.* On appeal, the Sixth Circuit held:

> [R]emand on procedural grounds may result in yet another denial of benefits, and we might well sustain such a denial on appeal. Accordingly, we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial

10

> justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such *an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.*

*Id*. at 727 (emphasis added).

This case is much like *DeLong*. As in *DeLong*, the Court remanded the case due to a procedural error – the failure to adequately explain findings. As the Court explained:

> The ALJ provided two reasons for rejecting Dr. Gosalakkal's Medical Source Statement, but *neither is presented with sufficient clarity to permit meaningful review by the Court*. The ALJ first said that "[w]hile the determination of disability is reserved to the Commissioner, the undersigned reviewed and considered [Dr. Gosalakkal's] opinion and finds it neither valuable nor persuasive." (ECF No. 7-1, PageID.45.) But Dr. Gosalakkal did not expressly opine as to whether Plaintiff suffered from a "disability," and the ALJ did not specifically identify any particular portion of Dr. Gosalakkal's Medical Source Statement that, in her opinion, addressed a matter that is otherwise "reserved to the Commissioner." Moreover, *it is not yet clear to the Court* that any portion of Dr. Gosalakkal's Medical Source Statement intruded into an area that is exclusively assigned to the Commissioner. There has been some suggestion that, perhaps, Dr. Gosalakkal intruded into the Commissioner's domain when he offered his opinions as to how often Plaintiff may be (1) off-task during the day due his physical issues or (2) absent from work due to those issues, but at least some courts have held that such opinions should not be discounted by an ALJ on the basis that they address matters within the Commissioner's sole

11

> purview. *See, e.g.*, *Vaughn v. Comm'r of Soc. Sec.*, 2022 WL 1089256, at *11 (N.D. Ohio Apr. 11, 2022) (holding that opinions "from a treating medical provider" with respect "to the percentage of time that [applicant] would be 'off-task] […] or absent [….] are not *per se* statements that [an applicant] was 'disabled' or unable to work" and therefore could not be rejected by an ALJ as "tantamount to a disability opinion" that is reserved to the Commissioner). *The important point here, however, is that without any specification from the ALJ as to which portions of Dr. Gosalakkal's Medical Source Statement she rejected on the ground that they intruded into the Commissioner's domain, the Court cannot meaningfully review the correctness of the rejection.* On remand, the ALJ should specifically identify the portions, if any, of Dr. Gosalakkal's Medical Source Statement that, in her view, impermissibly address matters reserved to the Commissioner.
> 
> The ALJ next explained that Dr. Gosalakkal's "opinion" was "not supported by his medical record as discussed more fully above." (ECF No. 7-1, ECF No. 45.) *But this reasoning is likewise not sufficiently developed.* Dr. Gosalakkal did not offer a single "opinion," writ large. Instead, he filled out a Medical Source Statement on which he answered fifteen different questions, some with several subparts. (*See id.*, PageID.499-502.) And the ALJ identified only a single statement by Dr. Gosalakkal as "unsupported": his suggestion that that Plaintiff required the use of a cane or assistive walking device. (*See id.*, PageID.45.) *It is not clear to the Court which other portions of Dr. Gosalakkal's Medical Source Statement, if any, the ALJ deemed unsupported by Plaintiff's medical records.*

(Remand Order, ECF No. 18, PageID.762-764 (emphases added).)

Moreover, as in *DeLong*, the Court did not take issue with the substantive reasonableness of the ALJ's findings. On the contrary, the Court noted that the

12

Magistrate Judge – after conducting the type of analysis that the ALJ should have completed – had reached much the same conclusion as the ALJ with respect to Dr. Gosalakkal's opinions, and the Court observed that that conclusion "may well be correct." (*Id.*, PageID.765.) The Court nevertheless remanded because that analysis "should have been done in the first instance by the ALJ." (*Id.*) Thus, as in *DeLong*, the Court's "remand on procedural grounds may result in yet another denial of benefits." *DeLong*, 748 F.3d at 727.

Plaintiff argues that *DeLong* does not control because the Remand Order effectively made the substantive determination that the ALJ's findings were "unsupported by substantial evidence." (Reply, ECF No. 22, PageID.796.) The Court disagrees. The Remand Order made clear that the Court could not undertake a fulsome substantive review of the ALJ's findings. (*See* Remand Order, ECF No. 18, PageID.761-763.) In the Court's words, it could not "meaningfully review the correctness of the rejection" of Dr. Gosalakkal's opinions. (*Id.*, PageID.763.)

Finally, the fact that the Magistrate Judge recommended that the Commissioner's motion for summary judgment be granted, while not dispositive, does "lend[] credence" to the conclusion that the Commissioner was substantially justified in defending the ALJ's findings. *Gray v. Comm'r of Soc. Sec.*, 23 F. App'x 436, 437 (6th Cir. 2001). As the Court noted in its Remand Order, the Magistrate Judge "conduct[ed] a careful analysis of Dr. Gosalakkal's treatment records" and

concluded, like the ALJ, that those records "may be inconsistent with Dr. Gosalakkal's Medical Source Statement." (Remand Order, ECF No. 18, PageID.765.) The Magistrate Judge's analysis supports the conclusion that the Commissioner's position in defense of the ALJ had "a reasonable basis both in law and fact." *Glenn*, 763 F.3d at 498 (quoting *Pierce*, 487 U.S. at 565) (internal quotation marks omitted).

### III

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 20) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126